UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**J-MCDANIEL CONSTRUCTION CO., INC.**                                                    **PLAINTIFF**

**VS.**                                   **CASE NO. 4:12-CV-00531-BSM**

**MID-CONTINENT CASUALTY COMPANY,**
**OKLAHOMA SURETY COMPANY, and**
**JOHN DOES 1 THROUGH 40**                                                    **DEFENDANTS**

### FIRST AMENDED COMPLAINT

Comes the Plaintiff, J-McDaniel Construction Co., Inc. ("J-McDaniel"), and for its First

Amended Complaint against Defendants Mid-Continent Casualty Company ("MCC"), Oklahoma

Surety Company ("OSC"), and John Does 1 through 40, states:

1. J-McDaniel is an Arkansas Corporation in good standing having its principal place of

   business in Little Rock, Pulaski County, Arkansas.

2. Defendant MCC is an insurance company doing business in and having a registered

   agent for service of process in the State of Arkansas.

3. Defendant OSC is an insurance company having its principal place of business in the

   State of Ohio, and doing business in and having a registered agent for service of process

   in the State of Arkansas.

4. Defendants John Does 1 through 40 are persons/entities whose identity is currently

   unknown to J-McDaniel and J-McDaniel's attorney.   An affidavit of same from J-

   McDaniel's attorney is attached hereto as **Exhibit A** and incorporated herein by

   reference pursuant to Ark. Code Ann. § 16-56-125(c).

5. Jurisdiction and venue are proper herein.

6. J-McDaniel was for many years involved in the residential construction business in and around Pulaski County, Arkansas. J-McDaniel functioned as a general contractor, and for many years contracted with MCC/OSC (hereinafter referred to collectively as "Defendants") to provide J-McDaniel with Commercial General Liability Insurance ("CGLI"). More specifically, Defendants provided J-McDaniel with a Commercial General policy (the "policy"), providing insurance coverage to J-McDaniel for the time-period covering the Conrad lawsuit.

7. John Does 1 through 40 operated as the agents of Defendants, and J-McDaniel procured its CGLI policy through said agents. At all times herein, John Does 1-40 acted in the course and scope of their employment as agents for Defendants, and Defendants are vicariously liable for all of the acts, errors and omissions of John Does 1 through 40.

8. In 2009, J-McDaniel was sued by David K. Conrad and Susan E. Conrad who had purchased one of the homes built by J-McDaniel as a general contractor. The case caption of said action is as follows—*David K. Conrad and Susan E. Conrad v. J-McDaniel Construction Co., Inc., John B. McDaniel, and Barbara G. McDaniel*, Pulaski County Circuit Court Case No. 2009-7490 (hereinafter the "Conrad lawsuit").

9. The Conrad lawsuit contained allegations that J-McDaniel had been negligent in construction of the Conrad home, and other causes of action asserting that J-McDaniel was responsible to the Conrads for problems encountered with the home.

10. Defendants had issued a policy of insurance effective during the time-period relevant to the Conrad lawsuit, said policy being attached hereto as **Exhibit B** and incorporated herein by reference. This policy of insurance was, at all times, in force for periods of

time pertinent to the Conrad lawsuit, and the Conrad lawsuit allegations, and the subsequent loss, were events covered by the policy.

11. Pursuant to the terms of the CGLI policy, Defendants owed J-McDaniel the duty to defend J-McDaniel against the allegations of the Conrad lawsuit and to indemnify J-McDaniel for loss arising out of the Conrad lawsuit.  Stated alternatively, the Conrad lawsuit was a claim covered by the CGLI policy, and J-McDaniel is entitled to benefits provided to it under the policy.

12. The facts and allegations of the Conrad lawsuit triggered both coverage, and Defendants' duty to defend J-McDaniel under the CGLI policy.  The Conrad's original Complaint is attached hereto as **Exhibit C** and incorporated herein by reference.  The Conrad's First Amended Complaint is attached hereto as **Exhibit D** and incorporated herein by reference.

13. Despite J-McDaniel's repeated requests and demands, Defendants repeatedly refused to provide J-McDaniel with legal defense or coverage regarding the allegations of the Conrad lawsuit.

14. Due to Defendants' refusal, J-McDaniel was forced to obtain legal defense at its own cost.

15. On November 28, 2011, J-McDaniel entered into an agreement in settlement of the Conrad lawsuit, as between David and Susan Conrad and J-McDaniel Construction Co., Inc., for the sum of $121,675.00.  J-McDaniel herein expended considerable funds in consideration of the settlement, release, and dismissal with prejudice of the Conrads'

claims, and further incurred significant attorney's fees, all of which Defendants should reimburse J-McDaniel as a covered claim.

16. The Conrad lawsuit included two years of difficult litigation involving multiple parties, third-party complaints, cross-complaints, numerous dispositive motions, vast amounts of discovery, and numerous depositions.

17. From the onset of representation through and including the date of this Complaint, J-McDaniel has incurred legal fees well in excess of $50,000.00.

18. Pursuant to Ark. Code Ann. § 16-111-101 et seq. and 28 U.S.C.A. § 2201 et seq., this Court has the power to declare rights, status, on other legal relations between the parties.

19. Pursuant to Ark. Code Ann. § 16-111-111 the Court may make such award of costs as may seem equitable and just.

20. Pursuant to Ark. Code Ann. § 23-79-208 and § 23-79-209, Defendants' failure to pay J-McDaniel's loss within the time specified in the policy after demand was made entitles J-McDaniel to recover the amount of the loss, plus twelve percent (12%) damages on the amount of the loss, together with all reasonable attorney's fees for prosecution and collection of the loss.

21. Defendants have failed to meet their obligations under the CGLI policy, thereby breaching the parties' agreement.

22. Pursuant to Ark. Code Ann. § 16-22-308, the prevailing party on a contract action may be awarded a reasonable attorney's fee to be assessed by the Court and collected as costs.

23. J-McDaniel's construction operation and corresponding insurance needs were well known to John Does 1 through 40 and the Defendants.  Defendants and John Does 1 through 40 owed J-McDaniel a duty to carry out J-McDaniel's wishes and procure and provide adequate coverage for J-McDaniel's business.  However, Defendants and John Does 1 through 40 negligently failed to procure and provide adequate and proper coverage for the nature of J-McDaniel's operations.  Said failure has resulted in damages to J-McDaniel in an amount equal to all settlement funds expended by J-McDaniel Construction Co., Inc. in the Conrad Lawsuit, attorney's fees incurred therein, as well as the costs of the present suit and all attorneys' fees incurred herein.

24. J-McDaniel further relied on the representations of Defendants and John Does 1 through 40 that a policy of insurance sufficient to protect J-McDaniel's business operation would be procured from and provided by Defendants.

25. In the alternative, the policy and/or coverage issued by Defendants is unconscionable.

26. J-McDaniel demands a trial by jury.

WHEREFORE, Plaintiff J-McDaniel Construction Co., Inc. prays for judgment against Defendants in an amount in excess of that amount required for federal diversity jurisdiction, including, but not limited to, reimbursement of all sums paid in settlement, all defense costs, attorney's fees incurred in this action, all costs in this action, a 12% statutory penalty, and all other just and proper relief to which Plaintiff is entitled to receive under law or in equity.

Respectfully submitted,

J-McDaniel Construction Co., Inc., Plaintiff

By its attorneys:

Dover Dixon Horne PLLC
425 West Capitol Avenue, Suite 3700
Little Rock, Arkansas  72201
(501) 375-9151

By:    _____*/s/ John D. Pettie*_____
        Wm. Dean Overstreet
        Arkansas Bar No. 79228
        Dean@doverdixon.com
        John D. Pettie
        Arkansas Bar No. 2009188
        Jpettie@ddh-ar.com

**CERTIFICATE OF SERVICE**

      I, John D. Pettie, hereby certify that on this 23rd day of August, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which shall cause said pleading to be electronically mailed to:

Edwin L. Lowther, Jr.
Johnathan D. Horton
Wright, Lindsey & Jennings LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas  72201
(501) 371-0808

              */s/*    *John D. Pettie*_____

                John D. Pettie