## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**J-MCDANIEL CONSTRUCTION CO., INC.**                              **PLAINTIFF**

**v.**                              **CASE NO. 4:12CV00531 BSM**

**MID-CONTINENT CASUALTY CO. et al.**                              **DEFENDANTS**

## ORDER

Defendants' motions to dismiss [Doc. Nos. 13, 17] the amended complaint are granted and the case is dismissed with prejudice.

### I. BACKGROUND AND ALLEGATIONS

Plaintiff, J-McDaniel Construction Co. Inc. ("J-McDaniel"), is a residential construction company that purchased a commercial general liability insurance policy. Amended Complaint ("Am. Compl.") [Doc. No. 7], ¶ 6. The parties dispute whether the policy was issued by defendant Mid-Continent Casualty Company ("MCC"), defendant Oklahoma Surety Company ("OSC"), or both. In 2009, J-McDaniel was sued by David and Susan Conrad for negligently constructing their home. *Id*., ¶¶ 8-9. On November 28, 2011, J-McDaniel settled with the Conrads for $121,675. *Id*., ¶ 15. J-McDaniel alleges that the Conrad suit was covered by the terms of its insurance policy and despite its requests, defendants refused to pay for its legal defense or indemnify it for its loss in the Conrad suit. *Id*., ¶¶ 11-14.

On May 11, 2012, J-McDaniel sued defendants and John Does 1-40 in the Circuit Court of Pulaski County, Arkansas and on August 22, 2012, the case was removed. On August 23, 2012, an amended complaint was filed against defendants alleging negligence,

breach of contract, or, in the alternative, that the contract was unconscionable.  Am. Compl.,

¶¶ 21-25.  Defendants have each moved to dismiss the amended complaint.  [Doc. Nos. 13,

17].

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiff's complaint fails to state a claim upon which

relief can be granted."  *Schaaf v. Residential Funding Corp*., 517 F.3d 544, 549 (8th Cir.

2008) (citing Fed. R. Civ. P. 12(b)(6)).  Accepting as true all of the factual allegations

contained therein, the court must review the complaint to determine whether its allegations

show that the pleader is entitled to relief.  *Id.*  "The plaintiff need not prove specific facts in

support of their allegations, but . . . must provide the 'grounds' on which the claim rests,

and...raise a right to relief above a speculative level."  *Id.* (internal citations omitted).  While

detailed factual allegations are not required, the complaint must contain sufficient factual

matter to state a plausible claim for relief on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663

(2009) (citing to Fed. R. Civ. P. 8(a)(2) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007)). "A claim has facial plausibility when the pleaded factual content allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.*  "Determining whether a complaint states a plausible claim is context-specific,

requiring the reviewing court to draw on its experience and common sense."  *Id.*, at 663-64.

"In addressing a motion to dismiss, the court may consider the pleadings themselves,

materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public

record."  *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011).

2

## III. DISCUSSION

J-McDaniel's claims must be dismissed because they are not supported by Arkansas law.

A.    Breach of Contract

The motions to dismiss the breach of contract claim [Doc. Nos. 13, 17] are granted.

### 1. Mid-Continent Casualty Company

MCC argues that OSC issued the insurance policy with J-McDaniel; therefore, there can be no valid breach of contract claim against it. [Doc. No. 14] at 8-9. This argument fails because J-McDaniel has properly alleged that MCC was a party to the contract, and the policy itself does not clearly indicate whether one or both of the defendants issued the policy. The policy's cover page has a logo for Mid-Continent Group, which includes MCC, OSC, and a third-party, and has a single mailing address for these entities. [Doc. No. 7-3] at 1. The second page of the policy bears the logo of Mid-Continent Group, has OSC's name at the top of the page, and has the same mailing address provided on the cover page. *Id.*, at 2. The privacy notice in the policy is labeled "Mid-Continent Group" and lists MCC, OSC, and Mid-Continent Insurance Company at the end of the notice. *Id.*, at 37-38. The rest of the policy uses general terms like "we," "us," and "our," as opposed to the name of one entity, which makes it impossible to differentiate between the defendants. *Id.*, at 9 (defining terms as referring "to the company providing this insurance.").

### 2. Law Governing Insurance Policy

The parties dispute whether Arkansas or Oklahoma law governs the insurance policy

3

since there is no explicit choice-of-law provision. *See* [Doc. No. 26] at 18-19; [Doc. No. 33] at 3-5. Arkansas's choice-of-law rules apply because there is diversity jurisdiction in this case. *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 794 (8th Cir. 2005). In Arkansas, the law of the state with the most significant relationship to the insurance contract governs. *Crisler v. Unum Ins. Co.*, 366 Ark. 130, 133, 233 S.W.3d 658, 660 (2006). The following factors are considered when making this determination: "1) the place of contracting; 2) the place of negotiation of the contract; 3) the place of performance; 4) the location of the subject matter of the contract; and 5) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Id*.

The policy was signed in Little Rock, Arkansas, which indicates that Arkansas was the state in which the terms were negotiated and the state in which the contract was entered. *See* [Doc. No. 7-3] at 2. Arkansas is also the place in which the contract was to be performed because Arkansas is referenced in the provisions determining the premiums, duration, and cancellation procedures of the policy. *Id.*, at 3, 30, 34. Lastly, J-McDaniel is an Arkansas corporation and, although both defendants appear to be based in Oklahoma, they each have a registered agent for service of process in Arkansas. Am. Compl., ¶¶ 1-3. Therefore, Arkansas law properly governs the policy.

### 3. Sufficiency of Breach Claim

To state a claim for breach of contract, "the complaint need only assert the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from

4

the breach." *Perry v. Baptist Health*, 358 Ark. 238, 244, 189 S.W.3d 54, 58 (2004).  Neither

party disputes the validity or enforceability of the insurance policy.  Contrary to defendants'

arguments, J-McDaniel's allegations outlining the details of the Conrad suit, along with an

indication that the loss and defense of the case were covered under the policy, and

defendants' undisputed refusal to honor that coverage, are sufficient to allege a valid breach

of contract claim.  *Id.*, 358 Ark. at 242, 189 S.W.3d at 56 ("a court will look to the

underlying facts supporting an alleged cause of action to determine whether the matter has

been sufficiently pled.").

Defendants, however, argue that the breach of contract claim should still be dismissed

because it is clear that the policy did not provide coverage for the loss in the Conrad suit.

[Doc. No. 18] at 15-19; [Doc. No. 33] at 5-15.  In the Conrads' case, the plaintiffs alleged

that J-McDaniel negligently constructed their home.  *See* [Doc. No. 7-5].  It is undisputed

that the defects alleged by the Conrads constituted "property damage."  *See* [Doc. No. 7-3]

at 22.  The policy, however, only covered property damage that was caused by an

"occurrence."  *Id.*, at 9. The policy defines an "occurrence" as "an accident, including

continuous or repeated exposure to substantially the same general harmful conditions."  *Id.*

at 21.  The parties dispute whether the negligent construction of the home constitutes an

accident triggering coverage under the policy.  The Arkansas Supreme Court made clear in

2007 that "defective workmanship standing alone—resulting in damages only to the work

product itself—is not an occurrence."  *Essex Ins. Co. v. Holder*, 372 Ark. 535, 540, 261

S.W.3d 456, 460 (2007).  In 2011, however,  the Arkansas General Assembly changed the

5

definition of "occurrence" to include "property damage or bodily injury resulting from faulty workmanship." Ark. Code Ann. § 23-79-155 (2011).  The question now becomes which definition of "occurrence" applies to the insurance policy herein.

Although J-McDaniel argues for a retroactive application of the statutory definition of "occurrence," [Doc. No. 14] at 11-14, such a construction would violate Arkansas law. The Arkansas Supreme Court has held that "statutes can be construed to operate retroactively so long as they do not disturb contractual or vested rights, or create new obligations." *Ark. Dept. Of Human Serv. v. Walters*, 315 Ark. 204, 210, 866 S.W.2d 823, 825 (1993).  At the time the parties entered into the policy, the definition of "occurrence" did not include coverage for faulty workmanship or negligent construction.  Retroactively applying the statutory definition of "occurrence" would unlawfully place the obligation of coverage on defendants when, at the time of contracting, the law did not impose such an obligation upon them.  Further, nothing in the statute indicates that the Arkansas General Assembly intended for the statute to apply retroactively.  For these reasons, the defendants' motions to dismiss are granted as to the breach of contract.

### 4. Unconscionable Claim

The defendants' motions to dismiss are granted as to J-McDaniel's alternate claim that the insurance policy was unconscionable.  J-McDaniel's complaint fails to allege any facts supporting this claim and simply states that "the policy and/or coverage issued by Defendants is unconscionable."  Am. Compl., ¶¶ 25.  Allegations that are mere conclusory statements fail to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

B.    <u>Negligence</u>

Defendants' motions to dismiss are granted as to J-McDaniel's negligence claim because it is time-barred.  In Arkansas, there is a three-year statute of limitations on all negligence actions, including claims of professional negligence or malpractice.  Ark. Code Ann.  § 16-56-105 (2012).  J-McDaniel alleges that John Does 1-40, in their capacity as agents of the defendants, were well aware of its "construction operation and corresponding insurance needs."  Am. Compl., ¶ 23.  The complaint further alleges that the Does' failure to "carry out J-McDaniel's wishes and procure and provide adequate coverage for J-McDaniel's business" constituted negligence and defendants are vicariously liable.  *Id.*, ¶¶ 7, 23.

The statute of limitations for an insurance agent commences at the time the negligent act occurs.  *Flemens v. Harris*, 323 Ark. 421, 427, 915 S.W.2d 685, 689 (1996).  Accepting J-McDaniel's allegations as true, the negligent act occurred when the parties negotiated and entered into the insurance policy in 2005.  *See* [Doc. No. 7-3] at 2.  J-McDaniel did not file its action until 2012, well beyond the three-year statute of limitations. *See* [Doc. No. 2]. J-McDaniel argues that its claim is not time-barred because the statute of limitations began running in January 2010, when the defendants denied coverage in the Conrad case.  The Arkansas Supreme Court, however, has explicitly rejected the "date of injury" rule and has consistently held that the statute of limitations runs from the date the negligent act occurred. See *Goldsby v. Fairley*, 309 Ark. 380, 383, 831 S.W.2d 142, 143-44 (1992) (stating that the court "thoroughly disagrees" with the argument that it has ever recognized the "date of

7

injury" rule); *Ragar v. Brown*, 332 Ark. 214, 219-24, 964 S.W.2d 372, 375-77 (1998);

*Chapman v. Alexander*, 307 Ark. 87, 817 S.W.2d 425 (1991).  J-McDaniel's negligence

claim is time-barred; therefore, the defendants' motions to dismiss are granted.

## IV. CONCLUSION

For all of the reasons set forth above, defendants' motions to dismiss [Doc. Nos. 13,

17] are granted and the case is dismissed with prejudice.

IT IS SO ORDERED this 2nd day of July 2013.

UNITED STATES DISTRICT JUDGE